In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00033-CR**

**DANIEL DUNNAM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 13-16943**

## MEMORANDUM OPINION

In 2013, a grand jury indicted Appellant Daniel Dunnam (a/k/a Danny Dunnam, a/k/a Daniel Eugene Dunnam Jr., a/k/a Daniel Dunham) on one count of felony driving while intoxicated. *See* Tex. Penal Code Ann. §§ 49.04, 49.09. Dunnam pleaded guilty and waived his right to a jury trial. In 2014, the trial court assessed punishment at ten years imprisonment, suspended the sentence, and placed Dunnam on community supervision for ten years.

In 2018, the State filed a motion to revoke and alleged that Dunnam had violated three terms of his community supervision, including failure to report, failure to verify community service hours, and failure to pay fees. The State then moved to dismiss the motion to revoke after Dunnam paid his arrearage in fees. In 2020, the State filed another motion to revoke, alleging that Dunnam violated three terms of his community supervision, that he should not possess drugs, should not violate State laws, and he should pay certain fees. The motion alleged that he committed a criminal offense, possession of a controlled substance, namely methamphetamine, which violated two terms of his probation, and that he had failed to pay certain fees.

In 2021, the trial court held a hearing on the second motion to revoke, and Dunnam pleaded "not true" to the allegations. The court found two of the allegations true, revoked Dunnam's community supervision, and sentenced Dunnam to four years' confinement.

Dunnam's appointed counsel filed a brief that presents counsel's professional evaluation of the record and concludes the appeal is without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Dunnam to file a pro se brief, and Dunnam did not file a pro se brief.

We have independently conducted a full examination of the record, and we have determined that the appeal is wholly frivolous. *See Penson v. Ohio*, 488 U.S.

75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the appellate record and counsel's brief, and we have found nothing that would arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

That said, we note that the section of the judgment entitled "Plea to Motion to Revoke[]" recites "True to count(s) 1,2" whereas the reporter's record of the hearing on the motion to revoke reflects that Dunnam pleaded "not true" to all counts. This Court has the authority to reform the trial court's judgment to correct clerical errors. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We therefore reform the judgment to delete the reference to "True to count(s) 1,2" and to add "Not true to counts 1, 2, 3[.]"

We affirm the trial court's judgment as reformed.[1]

AFFIRMED AS REFORMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 15, 2021
Opinion Delivered October 27, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Johnson, JJ.

---

[1] Dunham may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.